STATE OF MISSOURI, Respondent, v. CLARENCE RAGSDALE, Appellant.

Kansas City Court of Appeals, November 20, 1911.

CRIMINAL LAW: Evidence: Killing Hog: Jury Question. A de-. fendant sold the flesh of a hog to different persons and there was. evidence tending to show that it had died a natural death and had not been slaughtered. There was also evidence that the hog· had been killed and dressed by defendant. It was *held* that the question was one for the jury and the trial court and that a verdict. of guilty would not be disturbed on appeal.

Appeal from Randolph Circuit Court.—*Hon. A. H.. Waller*, Judge.

AFFIRMED.

*Willard S. Cave* for appellant.

*F. E. Murrell* for respondent.

ELLISON, J.—Defendant was prosecuted before a justice of the peace, charged with a violation of the statute in selling meat taken from a hog which "had died a natural death and not by slaughter." He was found guilty and appealed to the circuit court where he was again convicted.

The ground upon which the appeal is based is that the evidence was not sufficient to sustain the verdict of the jury. Under our system of criminal law if there is any substantial evidence of guilt produced by the state, the jury must judge of its weight and credibility. So, in this case, we should not consider the question whether defendant is guilty or innocent, for an appellant tribunal is not permitted to decide that issue. We have only to ascertain whether there was any substantial evidence upon which the verdict may rest.

We have examined the record and find that if some of the witnesses for the state are to be believed, and if reasonable inferences may be drawn from some of the circumstances appearing in evidence, then there is evidence to support the verdict. One witness testified that he was present and that the hog was not killed by defendant, but was dressed after it had died a natural death. Evidence for the state and defense agree that whether the hog was killed or died naturally, the time of the occurrence was about noon of a very hot July day during defendant's harvest, and there was evidence tending to prove that no preparation had been made for butchering. There were also some circumstances connected with selling the meat after being taken into town from the farm.

On the other hand, there was strong evidence in defendant's behalf, but the jury has considered that

guilt has been proved, and the trial court has approved the verdict. If a wrong conclusion has been reached, the error is that of the body appointed by the law to determine such questions, and we must affirm the conviction. All concur.